

A. Sidney Biddle and M. P. Henry (with whom were James and Bartholomew, of Schuylkill county), contra,

THE COURT (McKENNAN, Circuit Judge, and CADWALADER, District Judge) ordered that the judgment be opened, and that the case be tried before a jury.

---

## Case No. 4,801.

FIRST NAT. BANK OF CHICAGO v. THIRD NAT. BANK.

UNION NAT. BANK v. THIRD NAT. BANK.

[1 Chi. Law J. 524.]

District Court, N. D. Illinois. Jan. Term, 1878.

BLODGETT, District Judge. These two cases were submitted to the court for trial without a jury. I have not time to give an elaborate opinion, but from the facts in the case I am satisfied that the plaintiffs ought to recover; mainly from the consideration that I think the defendant bank by indorsing the draft which was raised by their depositor and deposited with them gave it a credit upon which the plaintiffs undoubtedly paid.

The point was made upon the trial that the drawer and drawee of this bank were guilty of negligence, and such negligence as released the defendant by reason of their not using proper precautions to prevent drafts from being raised, the drafts being drawn for $25.23 and raised to $2,500.23, but I think that was an obligation equally upon them. The defendant put this draft in circulation, and it was equally bound with the plaintiffs to see to it that proper precautions had been used to prevent the draft from being mutilated or altered as well as the plaintiffs, the drawees of the draft. I take it that if A. gives his check to B. for $10, and B. raises that to $100 by the addition of a cipher to the ten, and B. then deposits the check with his banker, and his banker in the due course of business collects the check from A.'s banker, that each party has a reclamation against the other till it falls upon the party who is to blame in the transaction. And it was the misfortune of the Third National Bank, in this case, that their depositor, who seems to have been the party who manipulated these alterations in these checks, is not to be found. The loss must fall finally upon the party who stands nearest in relation to the party who committed the offense. I can see no other solution of a difficulty of this kind. It strikes me that the authorities cited on the part of the plaintiffs are sufficiently in point to sustain this view of the case, although, of course, they are like any other case, or nearly every other case, that arises in a court of justice, not on precisely all-fours. Judgment for plaintiffs.

---

## Case No. 4,801a.

FIRST NAT. BANK OF HANNIBAL v. SMITH et al.

Circuit Court, D. Massachusetts, Sept. 6, 1879.

[See 6 Fed. 215.]

---

## Case No. 4,802.

FIRST NAT. BANK OF MANHATTAN v. CITIZENS' BANK OF TOPEKA.

[2 Cent. Law J. 757;[1] 21 Int. Rev. Rec. 382; 1 N. Y. Wkly. Dig. 511.]

Circuit Court, D. Kansas. Oct., 1875.

[1] [Reprinted from 2 Cent. Law J. 757, by permission.]